# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| DONALD AUSTIN, DEBORAH WINSTON, SHARON SIMPSON and LORI DALTON, *individually and on behalf of themselves and others similarly situated*, <br><br> *Plaintiffs*, <br><br> v. <br><br> KROGER LIMITED PARTNERSHIP I MID ATLANTIC MARKETING AREA, <br><br> *Defendant*. | Civil Action No.:  3:23cv048 |

## COLLECTIVE AND CLASS ACTION COMPLAINT

1. In 2022, Defendant Kroger Limited Partnership I Mid-Atlantic Marketing Area ("Kroger"), which owns and operates the Kroger grocery stores throughout Virginia and West Virginia, implemented a new payroll system called MyTime or MyInfo (collectively referred to as "MyTime"). Since the rollout of MyTime, there have been a litany of problems with workers receiving their lawfully owed wages. This has included workers not being paid for hours worked, workers not being compensated at the proper overtime rates pursuant to state and federal law, and workers having unauthorized amounts deducted from their paychecks. These problems have arisen in the midst of the winter holiday season, a notoriously busy time period for Kroger stores during which employees are pressured to work harder and longer hours. Although Kroger is aware of these issues, it has failed to take prompt action to rectify these problems, instead forcing employees to scramble when their proper wages do not arrive. For example, Kroger employees have been forced to work second jobs, or take on high-interest and risky payday loans in order to meet daily expenses.

2. Plaintiffs, by and through their undersigned counsel, bring this action on behalf of themselves and others similarly situated against Defendant Kroger for failing to pay its employees legally required wages and overtime premiums in violation of the Federal Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 201 *et. seq.*, the Virginia Wage Payment Law, Virginia Code § 40.1-29 *et seq.* ("VWPL"), the Virginia Overtime Wage Act, Virginia Code § 40.1-29.2 *et seq.* ("VOWA"), the Virginia Minimum Wages Act, Virginia Code § 40.1-28.8 *et seq.* ("VMWA"), the West Virginia Wage Payment and Collection Act, West Virginia §21-5-1 *et seq*. ("WVWPCA"), and the West Virginia Minimum Wage and Maximum Hours Standards for Employees Act, W. Va. Code § 21-5C-3, et seq. ("WVMWA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Defendant pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337(a) relating to "any civil action or proceeding arising under an Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367(a), which confers federal subject matter jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." As discussed below, Plaintiffs' state-law claims arise from a common set of operative facts—*i.e.,* their employment and wages paid by Defendant—and are so related to the claims within the original jurisdiction of the Court that they form part of the same case or controversy.

5. This Court also has jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $5,000,000 and there are members of the class who are citizens of different states than Defendant.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) as a substantial portion of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

7. Plaintiff Donald L. Austin Jr. is a resident of Concord, Virginia and is employed by Kroger as a Drug General Manager Backup in Appomattox, Virginia.

8. Plaintiff Deborah Winston is a resident of Richmond, Virginia and is employed by Kroger as a drug/GM clerk in Mechanicsville, Virginia.

9. Plaintiff Sharon Simpson is a resident of St. Albans, West Virginia and was employed by Kroger in as a clerk in the cheese shop in Charleston, West Virginia.

10. Plaintiff Lori Dalton is a resident of Winfield, West Virginia and is employed by Kroger as a head deli baker in Saint Albans, West Virginia.

11. Defendant Kroger Limited Partnership I Mid-Atlantic Marketing Area ("Kroger") owns and operates a chain of Kroger retail grocery stores in Virginia and West Virginia, among other states.  Kroger Limited Partnership I Mid-Atlantic Marketing Area is headquartered in and has its principal place of business at 140 Eastshore Drive, Suite 300, Glen Allen, VA 23059.

12. Defendant is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

13. Defendant is a company with employees involved in interstate commerce, including by regularly purchasing and selling items produced and transported in interstate commerce, by regularly using interstate payment systems, and by regularly using interstate means of communications.

**FACTUAL ALLEGATIONS**

14. In 2022, Kroger implemented a new payroll system for its hourly, non-exempt employees in Virginia and West Virginia.  This new payroll system is called "MyTime" or "MyInfo" (collectively referred to as "MyTime").

15. Since the MyTime system was rolled out, and continuing through the present, Plaintiffs and similarly situated hourly, non-exempt employees of Defendant in Virginia and West Virginia have not been regularly receiving their lawfully owed wages.

16.     The failure to properly pay Plaintiffs and others similarly situated has occurred and continues to occur in a number of ways, which include but are not limited to: (1) missing or late paychecks; (2) paychecks for amounts less than are owed; and (3) unauthorized and/or incorrect deductions or withholdings.

17.     Plaintiff Donald L. Austin Jr. works for Defendant in Appomattox, Virginia and earned an hourly rate of $17.25.  Over the past several months, since the institution of MyTime, there have been multiple weeks where he has not timely received a paycheck even though he performed work for Defendant.  Additionally, there were weeks where unauthorized amounts have been deducted from his paycheck, resulting in him receiving less than his earned wages.

18.     Plaintiff Deborah Winston has worked for Defendant in Mechanicsville, Virginia since 2004 and earned an hourly rate of $17.85.  Since MyTime has been instituted, Deborah Winston has worked hours in excess of forty hours per week.  However Kroger has failed to pay her at one and one-half times her regular rate for those hours worked in excess of forty per week.  For example, during the week of December 11, 2022, Ms. Winston worked 54.75 hours.  For forty hours of work she was paid at her regular rate of $17.85 per hour, but she was not paid at time and a half for the additional 14.75 hours.  Kroger has been made aware of these issues, but has failed to correct them.

19.     Plaintiff Sharon Simpson worked for Defendant in Charleston, West Virginia from August to September 2022, which was after the institution of MyTime.  She worked approximately 79 hours during her approximately five weeks of employment, including approximately 26 hours of employee training.  Ms. Simpson never received any pay while working for Kroger.  Kroger has been made aware of these issues, but has failed to correct them.

20. Plaintiff Lori Dalton has worked for Defendant in West Virginia since 2014. For approximately seven weeks in 2022, after the institution of MyTime, Ms. Dalton's copay for spousal insurance was deducted twice from each paycheck, resulting in the loss of hundreds of dollars. Kroger has been made aware of these issues, but has failed to correct them.

21. The issues faced by the Named Plaintiffs are common to other employees in the putative Collective and Class Actions.

22. Defendant has been notified of the failure to properly pay wages to Plaintiffs and others similarly situated repeatedly, and Defendant has acknowledged that the introduction of MyTime has resulted in underpayments to Kroger employees. However, these unlawful pay practices continue. Over the past several weeks, hundreds of workers have reported problems receiving proper payment.

## COLLECTIVE ACTION ALLEGATIONS OF THE FLSA

23. This action is maintainable as an opt-in collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

24. Defendant has violated the FLSA by failing to pay Plaintiffs Donald Austin, Deborah Winston, Sharon Simpson and others similarly situated for all hours worked and for failing to pay Plaintiffs Donald Austin, Deborah Winston, Sharon Simpson and others similarly situated at a rate of one-and-one half times their regular rate of pay for all hours worked over forty in any one workweek.

25. This action can, and should, be maintained as a collective action for all claims that can be redressed under the FLSA.

26. Plaintiffs Donald Austin, Deborah Winston, Sharon Simpson and others similarly situated seek certification of their claims as a collective action on behalf of all past and present

non-exempt employees who worked for Defendant in Virginia and West Virginia, who, while working for Defendant, were not compensated for all hours worked or were not compensated one-and-a-half times their regular rate of pay for those hours worked in excess of forty in any one workweek, at any time since the introduction of MyTime until the date of judgment.

27. Members of the collective action are similarly situated. Members of the proposed collective action have been subjected to the same or substantially the same pay policies and practices. The identities of the members of the proposed collective action are known to Defendant and can be located through Defendant's records.

28. Plaintiffs Donald Austin, Deborah Winston and Sharon Simpson hereby consent to be party plaintiffs in this action under 29 U.S.C. § 216(b). If this case does not proceed as a collective action, Plaintiffs intend to seek relief individually.

## CLASS ACTION ALLEGATIONS OF THE VWPL, VOWA AND VMWA

29. Defendant has violated the VWPL, VOWA and VMWA, resulting in damages to Plaintiffs Donald Austin and Deborah Winston ("Virginia Named Plaintiffs") as well as members of the Virginia Class in the form of unpaid wages, liquidated damages, costs, and reasonable attorneys' fees.

30. The Virginia Named Plaintiffs bring these VWPL, VOWA and VMWA claims pursuant Federal Rule of Civil Procedure 23.

31. The Virginia Class is defined as follows: All current and former hourly employees who worked for Defendant in Virginia at any time since the introduction of MyTime through the date of judgment who were not paid wages for all hours worked, were not paid overtime premiums, had unauthorized deductions taken from their pay, or were not paid minimum wage.

32. Members of the Proposed Rule 23 Class are readily ascertainable. The identity of

class members may be determined from Defendant's records.

33. The Virginia Proposed Rule 23 Class meets all the requirements of Rule 23(a) and (b)(3):

a. Numerosity: Upon information and belief, there are thousands of persons who worked for Defendant that have been subjected to the challenged practices. Therefore, joinder of all class members would be impracticable.

b. Commonality: The Virginia Named Plaintiffs and all members of the Proposed Rule 23 Class have been compensated pursuant to the unlawful practices alleged herein and, therefore, one or more questions of law or fact are common to the Proposed Rule 23 Class. These common questions include, but are not limited to, the following:

   i. Whether Defendant failed to compensate the Virginia Named Plaintiffs and putative Virginia Class Members at the lawful rate for all hours worked in excess of forty in any one workweek; and

   ii. Whether Defendant failed to compensate the Virginia Named Plaintiffs and putative Virginia Class Members for all wages owed.

c. Typicality: The Virginia Named Plaintiffs and members of the Proposed Virginia Class were subjected to the same unlawful policies, practices, and procedures and sustained similar losses, injuries, and damages. All class members were subjected to materially similar compensation practices by Defendant, as alleged herein, and were denied lawfully owed payments. The Virginia Named Plaintiffs' claims are therefore typical of the claims that could be brought by members of the Proposed Virginia Class, and the relief sought is typical of the relief that could be sought by members of the Proposed Virginia Class in separate actions.

d. Adequacy of Representation: The Virginia Named Plaintiffs are able to fairly and adequately protect the interests of all members of the Proposed Virginia Class, as they are challenging the same practices as the Proposed Virginia Class as a whole, and there are no known conflicts of interest between Virginia Named Plaintiffs and the members of the Proposed Virginia Class. Virginia Named Plaintiffs have retained counsel who have extensive experience with the prosecution of wage-and-hour claims and complex class-action litigation.

e. Predominance and Superiority: The common questions identified above predominate over any individual issues. A class action is superior to individual adjudications of this controversy. Pursuit of this action as a class would provide an efficient mechanism for adjudicating the claims of the Virginia Named Plaintiffs and the members of the Proposed Rule 23 Class.

## CLASS ACTION ALLEGATIONS OF THE WVWPCA AND WVMWA

34. Defendant has violated the WVWPCA and WVMWA, resulting in damages to Plaintiffs Sharon Simpson and Lori Dalton ("West Virginia Named Plaintiffs") as well as members of the West Virginia Class in the form of unpaid wages, liquidated damages, costs, and reasonable attorneys' fees.

35. The West Virginia Named Plaintiffs bring these WVWPCA and WVMWA claims pursuant Federal Rule of Civil Procedure 23.

36. The West Virginia Class is defined as follows: All current and former hourly employees who worked for Defendant in West Virginia at any time since the introduction of MyTime through the date of judgment who were not paid wages for all hours worked, were not paid overtime premiums, had unauthorized deductions taken from their pay, or were not paid minimum wage.

37. Members of the Proposed West Virginia Class are readily ascertainable. The identity of class members may be determined from Defendant's records.

38. The Proposed West Virginia Class meets all the requirements of Rule 23(a) and (b)(3):

    a. Numerosity: Upon information and belief, there are thousands of persons who worked for Defendant that have been subjected to the challenged practices. Therefore, joinder of all class members would be impracticable.

    b. Commonality: The West Virginia Named Plaintiffs and all members of the Proposed West Virginia Class have been compensated pursuant to the unlawful practices alleged herein and, therefore, one or more questions of law or fact are common to the Proposed West Virginia Class. These common questions include, but are not limited to, the following:

        i. Whether Defendant failed to compensate the West Virginia Named Plaintiffs and West Virginia Class Members for all hours worked; and

        ii. Whether Defendant failed to compensate the West Virginia Named Plaintiffs and putative West Virginia Class Members at the lawful rate for all hours worked at least twice each month with no more than 19 days between each payment.

    c. Typicality: The West Virginia Named Plaintiffs and members of the Proposed West Virginia Class were subjected to the same unlawful policies, practices, and procedures and sustained similar losses, injuries, and damages. All class members were subjected to materially similar compensation practices by Defendant, as alleged herein, and were denied lawfully owed payments. The West Virginia Named Plaintiffs' claims are therefore typical of the claims that could be brought by members of the Proposed West Virginia Class, and the relief sought is typical

of the relief that could be sought by members of the Proposed West Virginia Class in separate actions.

   d. Adequacy of Representation: The West Virginia Named Plaintiffs are able to fairly and adequately protect the interests of all members of the Proposed West Virginia Class, as they are challenging the same practices as the Proposed West Virginia Class as a whole, and there are no known conflicts of interest between the West Virginia Named Plaintiffs and the members of the Proposed West Virginia Class. The West Virginia Named Plaintiffs have retained counsel who have extensive experience with the prosecution of wage-and-hour claims and complex class-action litigation.

   e. Predominance and Superiority: The common questions identified above predominate over any individual issues. A class action is superior to individual adjudications of this controversy. Pursuit of this action as a class would provide an efficient mechanism for adjudicating the claims of Plaintiffs and the members of the Proposed Rule 23 Class.

## CAUSES OF ACTION

### COUNT I
**Violation of the Fair Labor Standards Act**
**29 U.S.C. § 201,** *et seq***.**
**(On Behalf of Plaintiffs Donald Austin, Deborah Winston,**
**Sharon Simpson and Others Similarly Situated**)

  39. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

  40. The FLSA requires employers to pay non-exempt employees minimum wage for all hours worked.

41. Defendant violated the FLSA by knowingly failing to pay Plaintiffs Donald Austin, Sharon Simpson and other similarly situated individuals minimum wage for all hours worked.

42. The FLSA requires employers to pay non-exempt employees an overtime premium of one and one half times their regular pay for hours worked in excess of 40 hours in any one work week.

43. Defendant violated the FLSA by knowingly failing to pay Plaintiffs Donald Austin, Deborah Winston and other similarly situated individuals one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

44. Plaintiffs are "employees" and Defendant is their "employer" under 29 U.S.C. § 203.

45. Defendant's violations of the FLSA were repeated, knowing, willful and intentional.

46. Defendant is liable to Plaintiffs, and all other similarly situated individuals, under the FLSA, 29 U.S.C. § 216(b), for all unpaid wages and unpaid overtime wages, plus an equal amount in liquidated damages, attorney's fees, litigation expenses, costs, and any other and further relief this Court deems appropriate.

### COUNT II
**Violation of the Virginia Wage Payment Law**
**Va. Code § 40.1-29,** *et seq.*
**(On Behalf of the Virginia Named Plaintiffs and Others Similarly Situated)**

47. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

48. Virginia Code § 40.1-29(A) provides that employers "shall establish regular pay periods and rates of pay for employees" and that "employees paid on an hourly rate at least once every two weeks[.]"

49. Virginia Code § 40.1-29(J) also provides that "[i]f the court finds that the employer knowingly failed to pay wages to an employee in accordance with this section, the court shall award the employee an amount equal to triple the amount of wages due and reasonable attorney fees and costs."

50. Defendant violated Virginia law by knowingly failing to timely pay Virginia Named Plaintiffs and others similarly situated all wages due.

51. The Virginia Named Plaintiffs and others similarly situated are "employees" and Defendant is their "employer" under Virginia Code § 40.1-29.2.

52. Defendant's violations of Virginia law are repeated, knowingly, willful, and intentional.

53. Defendant is liable to the Virginia Named Plaintiffs, and all other similarly situated individuals, under the Virginia Wage Payment Law, Virginia Code § 40.1-29, for all unpaid wages, plus liquidated damages, attorney's fees, litigation expenses, costs, and any other and further relief this Court deems appropriate.

### COUNT III
**Violation of the Virginia Overtime Wage Act**
**Va. Code § 40.1-29.2,** *et seq***.**
**(On Behalf of the Virginia Named Plaintiffs and Others Similarly Situated)**

54. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

55. Virginia Code § 40.1-29.3(B) provides that "[a]n employer shall pay each employee an overtime premium at a rate not less than one and one-half times the employee's regular rate for any hours worked by an employee in excess of 40 hours in any one workweek."

56. Virginia Code § 40.1-29.3(C) provides that when an employer fails to pay the overtime premium above, "the employee may bring an action against the employer in a court of competent jurisdiction to recover payment of the overtime wages, and the court shall award the overtime wages owed, an additional equal amount as liquidated damages, and reasonable attorney fees and costs."

57. Defendant violated Virginia law by failing to pay the Virginia Named Plaintiffs and others similarly situated one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

58. The Virginia Named Plaintiffs and others similarly situated are "employees" and Defendant is their "employer" under Virginia Code § 40.1-29.2.

59. Defendant's violations of Virginia law are repeated, knowingly, willful, and intentional.

60. Defendant is liable to the Virginia Named Plaintiffs, and all other similarly situated individuals, under the Virginia Overtime Wage Act, Virginia Code § 40.1-29.2 *et seq.*, for all unpaid overtime wages, plus liquidated damages, attorney's fees, litigation expenses, costs, and any other and further relief this Court deems appropriate.

## COUNT IV
### Violation of the Virginia Minimum Wage Act
### Va. Code § 40.1-28.8 *et seq.*
### (On Behalf of Plaintiff Donald Austin and Others Similarly Situated)

61. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

62. Virginia Code § 40.1-28.10(A)(2) provides that from January 1, 2022 to January 2023, employers "shall pay to each of its employees wages at a rate not less than the greater of (i) $11.00 per hour or (ii) the federal minimum wage."

63. Virginia Code § 40.1-28.10(A)(2) provides that from January 1, 2023 to January 2025, employers "shall pay to each of its employees wages at a rate not less than the greater of (i) $12.00 per hour or (ii) the federal minimum wage."

64. Defendant violated Virginia law by failing to pay Plaintiff Donald Austin and others similarly situated minimum wage.

65. Plaintiff Donald Austin is an "employee" and Defendant is his "employer" under Va. Code § 40.1-28.9.

66. Defendant's violations of Virginia law are repeated, knowingly, willful, and intentional.

67. Defendant is liable to Plaintiff Donald Austin, and all other similarly situated individuals, under the Virginia Minimum Wage Act, Virginia Code § 40.1-28.8 et seq, for all unpaid wages plus interest at eight percent per annum upon such unpaid wages in addition to attorney's fees, litigation expenses, costs, and any other and further relief this Court deems appropriate.

**COUNT V**
**Violation of the West Virginia Wage Payment and Collection Act**
**W. Va. Code § 21-5-4, *et seq*.**
**(On Behalf of the West Virginia Named Plaintiffs and Others Similarly Situated)**

68. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

69. West Virginia Code § 21-5-3(a) provides that employers "shall settle with its employees at least twice each month in a manner of the person, firm, or corporation's choosing, . . . with no more than 19 days between settlements . . . and pay them the wages due, less authorized deductions and authorized wage assignments, for their work or services."

70. West Virginia Code § 21-5-12(a) provides that "[a]ny person whose wages have not been paid in accord with this article . . . may bring any legal action necessary to collect a claim under this article."

71. West Virginia Code § 21-5-12(b) provides that "[t]he court in any action brought under this article may, in the event that any judgment is awarded to the plaintiff or plaintiffs, assess costs of the action, including reasonable attorney fees against the defendant."

72. Defendant violated West Virginia law by knowingly failing to pay the West Virginia Named Plaintiffs and others similarly situated their wages due twice a month or not more than 19 days apart.

73. The West Virginia Named Plaintiffs are "employees" and Defendant is their "employer" under W. Va. Code § 21-5-1.

74. Defendant's violations of West Virginia law are repeated, knowingly, willful, and intentional.

75. Defendant is liable to West Virginia Named Plaintiffs, and all other similarly situated individuals, under the West Virginia Wage Payment and Collection Act, W. Va. Code § 21-5-4, for all unpaid wages, plus attorney's fees, litigation expenses, costs, and any other and further relief this Court deems appropriate.

### COUNT VI
**Violation of the West Virginia Minimum Wage and Maximum Hours Standards for Employees Act**
**W. Va. Code § 21-5C-1,** *et seq.*
**(On Behalf of Plaintiffs Sharon Simpson and Others Similarly Situated)**

76. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

77. West Virginia Code § 21-5C-3(a) provides that if employees work over forty hours per week, the employer shall pay for hours in excess of forty "at a rate not less than one and one-half times the regular rate at which he is employed."

78. West Virginia Code § 21-5C-2(a)(6) provides that employers shall pay employees the federal minimum wage.

79. Defendant violated West Virginia law by failing to pay the West Virginia Named Plaintiffs and others similarly situated one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

80. Defendant violated West Virginia law by failing to pay Plaintiff Sharon Simpson and others similarly situated minimum wage.

81. Plaintiff Sharon Simpson is an "employee" and Defendant is her "employer" under West Virginia Code § 21-5C-1.

82. Defendant's violations of West Virginia law are repeated, knowingly, willful, and intentional.

17

83. Defendant is liable to Plaintiff Sharon Simpson and all other similarly situated individuals, under the West Virginia Minimum Wage Act, W. Va. Code § 21-5C-1, for all unpaid overtime, plus attorney's fees, litigation expenses, costs, and any other and further relief this Court deems appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that the Court certify an FLSA collective action, a class action pursuant to Virginia wage and hour law, a class action pursuant to West Virginia wage and hour law, and enter judgment against Defendant on all counts, and grant Plaintiffs and all similarly situated individuals the following relief:

   a. Unpaid wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C § 216;

   b. Unpaid wages, plus an equal amount as liquidated damages, pursuant to the VWPL, Va. Code § 40.1-29 *et seq.*;

   c. Unpaid wages, plus an equal amount as liquidated damages, pursuant to the VOWL, Va. Code § 40.1-29.2 *et seq.*;

   d. Unpaid wages and interest thereon pursuant to the VMWA, Va. Code § 40.1-28.8 *et seq.*;

   e. Unpaid wages pursuant to the WVWPCL, and liquidated damages pursuant to the WVWPCL for those individuals who are eligible for such damages, W. Va. Code § 21-5-1 *et seq.*;

   f. Unpaid wages pursuant to the WVMWA, W. Va. Code § 21-5C *et seq.*;

   g. Such equitable relief as may be appropriate including enjoining Defendant from further violations of these laws;

    h.  Reasonable attorneys' fees and expenses incurred in the prosecution of this action;

    i.  Costs that Plaintiffs incur in the prosecution of this action;

    j.  Prejudgment and post-judgment interest as permitted by law; and

    k.  Award any additional relief the Court deems just.

Dated: January 19, 2023　　　　　　　　　　Respectfully submitted,

/s/ Rachel Nadas
Rachel Nadas, VSB # 89440
Matthew K. Handley (*pro hac vice forthcoming*)
HANDLEY FARAH & ANDERSON PLLC
1201 Connecticut Avenue, NW
Suite 200K
Washington, DC  20036
Telephone:    202-899-2991
email: rnadas@hfajustice.com

Martha Guarnieri (*pro hac vice forthcoming*)
1727 Snyder Avenue
Philadelphia, PA 19145
Telephone:    215-422-3478
email:  mguarnieri@hfajustice.com

*Attorneys for Plaintiffs*